1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   SIMON PETER SMITH,                    No. C-09-0249 TEH (PR)

12              Plaintiff,

13        v.                              ORDER STAYING PROCEEDINGS AND
                                          ADMINISTRATIVELY CLOSING CASE
14   JANET BERRY, et. al.,

15              Defendants.

16   _____/

17

18        Plaintiff, a county jail inmate currently incarcerated at

19   the Elmwood Correctional Facility in Milpitas, California, has filed

20   a pro se civil rights Complaint for damages under 42 U.S.C. § 1983

21   alleging a violation of his constitutional rights by private

22   attorney Jeralyn K. Spradlin, Santa Clara County Deputy District

23   Attorneys Janet Berry and Lisa Rogers, the County of Santa Clara and

24   the Santa Clara County Department of Corrections.  Doc. #1-1.

25        According to Plaintiff, from June 15, 2005 through April

26   9, 2007, Defendants "illegally and in violation of . . . Plaintiff's

27   constitutional and statutory rights under state and federal law,

28   surreptitiously and without permission, or court order, recorded,

caused to be recorded, listened to, disseminated, used, and retained for use all of . . . Plaintiff's telephone calls made from the Santa Clara County jail to his attorney. . . . in connection with a criminal prosecution of . . . Plaintiff." Doc. #1-1 at 4. Specifically, Plaintiff claims:

> Defendants Jeralyn K. Spradlin, Janet Berry, Lisa Rogers, and the Santa Clara County Department of Corrections conspired to violate Plaintiff's rights in that Plaintiff's attorney's phone number was provided to Defendants Berry and Rogers by Defendant Spradlin for the express purpose of recording, intercepting, copying, and listening to said telephone calls for the purpose of unlawfully making themselves privy to plaintiff's trial strategy.

> Defendant Department of Corrections participated in this conspiracy and in violating Plaintiff's rights by recording Plaintiff's phone calls with his attorney and by making them available to and giving them to the other Defendants.

Id. at 6. Plaintiff's Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

I

In order to recover damages for an allegedly unconstitutional conviction or prison sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512

2

U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  <u>Id.</u> at 487.

The rationale of <u>Heck</u> applies only if there is an existing conviction.  <u>Wallace v Kato</u>, 549 U.S. 384, 393-94 (2007).  The contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond <u>Heck</u>."  <u>Id.</u> at 393 (emphasis in original).  Nonetheless, if a plaintiff files a § 1983 claim "related to rulings that likely will be made in a pending or anticipated criminal trial[], it is within the power, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  <u>Id.</u> at 393-94.

A stay of these proceedings under the rationale of <u>Wallace</u> is in order here.  If Plaintiff is later convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> will require dismissal; otherwise, the case may proceed.  <u>Wallace</u>, 549 U.S. at 394.

//
//
//
//
//
//
//
//

3

II

Good cause appearing, the instant proceedings are STAYED and the case is ADMINISTRATIVELY CLOSED.  Nothing further will take place in this matter until the criminal proceedings against Plaintiff come to an end, and, within 30 days thereafter, Plaintiff moves to reopen the case, lift the Court's stay and amend the stayed Complaint.


IT IS SO ORDERED.

DATED      08/14/09

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.09\Smith-09-0249-dismissal-heck.wpd

4